UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JASON PECK, | ) | |
| and | ) | |
| ROMEO NOLASCO, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 12-0204 (ABJ) |
| NAES CORPORATION, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

On February 8, 2012, plaintiffs Jason Peck and Romeo Nolasco filed this action, which alleges that defendant NAES Corporation, their employer, discriminated against them based on their race, subjected them to a hostile work environment, and retaliated against them for engaging in protected activity, in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2.1401.01 *et seq.* Compl. [Dkt. # 1] at 1; Am. Compl. [Dkt. # 3] at 1. Plaintiffs amended their complaint on February 21, 2012. Am. Compl. Plaintiff Peck is white and claims that he was subjected to "reverse" discrimination. *Id*. ¶¶ 82–83. Plaintiff Nolasco is Latino. *Id.* ¶ 81. Defendant contends that plaintiffs have failed to establish a prima facie case of race discrimination or retaliation, and that plaintiffs have failed to establish the existence of a hostile working environment. Def.'s Mot. for Summ. J. [Dkt. # 31] at 1 ("Def.'s Mot.").

Defendant answered the amended complaint on March 9, 2012, Answer [Dkt. # 4], and the Court referred the dispute to a Magistrate Judge for settlement purposes starting on April 12,

2012. April 12, 2012 Order [Dkt. # 8]. The parties' settlement negotiations were unsuccessful, and they embarked on discovery. Then, on May 6, 2013, the parties jointly notified the Court that they wished to resume discussing settlement, 5th Joint Mot. to Modify Scheduling Order [Dkt. # 19] at 2, and so the Court referred the case back to the same Magistrate Judge. May 7, 2013 Order [Dkt. # 20]. Again, the parties were unable to reach a settlement agreement, and defendant filed a motion for summary judgment on May 22, 2014. Def.'s Mot.

On June 11, 2014, plaintiffs' counsel filed a motion for leave to withdraw their appearances as counsel on the grounds that "[p]laintiffs ha[d] failed to meet their contractual payment obligations, and failed to make payment of any kind in more than 14 months." Mot. for Leave to Withdraw [Dkt. # 32] ¶ 3. The Court denied counsel's motion without prejudice because it did not comport with all of the requirements of Local Rule 83.6(c), June 12, 2014 Minute Order, and counsel filed a revised motion to withdraw on June 12, 2014. [Dkt. # 34]. The revised motion included the notice required by Local Rule 83.6(c), which informed plaintiffs that they should obtain other counsel, or notify the Court within seven days of service of the motion if they intended to conduct their case *pro se* or to object to counsel's withdrawal. [Dkt. # 34-1]. Plaintiffs neither informed the Court of an intent to proceed *pro se*, nor objected to counsel's motion to withdraw within seven days of service of the motion, or at any time thereafter.

On July 2, 2014, the Court issued a minute order granting counsel's motion to withdraw and instructing plaintiffs that "if new counsel has not entered an appearance on behalf of plaintiffs by July 18, 2014, plaintiffs must file a notice informing the Court of whether or not they intend to proceed *pro se*, and if not, of the status of their efforts to obtain counsel." July 2, 2014 Minute Order. Plaintiffs have not responded to the Court's minute order and no new

counsel has entered an appearance on their behalf. The Court's minute order also granted in part a motion for extension of time filed by plaintiffs' counsel on June 11, 2014, *see* [Dkt. # 33], giving plaintiffs until August 15, 2014 to file an opposition to defendant's motion for summary judgment. July 2, 2014 Minute Order.

On July 23, 2014, the Court issued an Order to Show Cause that instructed plaintiffs to show cause why this case should not be dismissed for want of prosecution by August 14, 2014. [Dkt. # 35]. Plaintiffs have not responded to that order. In addition, plaintiffs did not file an opposition to defendant's motion for summary judgment by the August 15, 2014 deadline, or at any time thereafter.

On September 9, 2014, the Court notified the *pro se* plaintiffs that the Court "may grant [defendant's] motion and dismiss the case if [they] fail[ed] to respond." Fox/Neal Order [Dkt. # 36] at 1, citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (holding that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion and that the notice "should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case"); *id.* at 3. The Court also directed plaintiff to Federal Rule of Civil Procedure 56 and set forth those portions of the rule related to supporting factual positions at summary judgment. *Id.* at 2, quoting Fed. R. Civ. P. 56(c), (e). The Court explained that "parties such as plaintiffs, who are on the opposing side of a motion for summary judgment, must rebut the moving party's affidavits with evidence, such as other affidavits or sworn statements; mere statements that the moving party's affidavits are inaccurate or incorrect are not sufficient." *Id.* The Court gave plaintiffs until September 30, 2014 to respond. *Id.* at 3.

Plaintiff did not respond to defendant's motion for summary judgment by September 30, 2014, and so on October 1, 2014, the Court issued an order and a memorandum opinion granting defendant's motion for summary judgment as conceded and dismissing plaintiffs' case for failure to prosecute. [Dkt. # 38, 39]. Shortly after the Court issued its order and memorandum opinion, however, it received plaintiffs' motion for an extension of time to respond to defendant's motion for summary judgment. *See* [Dkt. # 39]. The Court vacated its order and memorandum opinion and granted plaintiffs' motion for an extension of time, giving them until October 24, 2014 to respond to defendant's motion for summary judgment. Oct. 1, 2014 Minute Order; Oct. 2, 2014 Minute Order. Despite being given yet another chance to pursue their claims, plaintiffs have not filed anything by the deadline, nor have they requested another extension of time.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). The existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the nonmoving party; a fact is only "material" if it is capable of affecting the outcome of the

litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). But if the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

## ANALYSIS

The Court finds that plaintiffs have failed to come forward with evidence to demonstrate the existence of a genuine issue of material fact, and that defendant's motion for summary judgment must therefore be granted. *See* Fed. R. Civ. P. 56(a) (stating that "the court *shall* grant summary judgment" where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law") (emphasis added). The court must "state on the record the reasons for granting or denying the motion." *Id.* A nonmoving party's complete failure to come forward with evidence to demonstrate the existence of a genuine issue of material fact constitutes a "reason" for the grant of summary judgment. *See id.*; *see also Grimes v. District of Columbia*, 923 F. Supp. 2d 196, 198 (D.D.C. 2013).

Rule 56 further provides that a nonmoving party "must" support the assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A)–(B); *see also Grimes*, 923 F. Supp. 2d at 198. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court has four options: (1) to give the party "an opportunity to properly . . .

address the fact; (2) [to] consider the fact undisputed for purposes of the motion; (3) [to] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) [to] issue any other appropriate order." Fed. R. Civ. P. 56(e). In addition, under Local Civil Rule 7(h) of this Court, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted" by the nonmoving party.

In this case, plaintiffs have entirely failed to address defendant's claim that the undisputed facts are in its favor. The Court gave plaintiffs at least four opportunities to properly address defendant's stated facts, *see* Fed. R. Civ. P. 56(e)(1), but plaintiffs have failed to do so. Thus, the Court now "consider[s] the [unrebutted] fact[s] undisputed for purposes of [defendant's] motion." *See* Fed. R. Civ. P. 56(e)(2); *see also* LCvR 7(h). Given that plaintiffs have failed to demonstrate the existence of a genuine dispute of material fact or to meaningfully contest defendant's motion, defendant is entitled to judgment as a matter of law and the Court will grant summary judgment to defendant. *See* Fed. R. Civ. P. 56(e)(3).

In addition, plaintiffs' failure to prosecute their case supplies an independent basis for the Court to dismiss this action. *See* LCvR 83.23.

## CONCLUSION

Because plaintiffs have failed to identify any genuine issue of material fact that would support their case or to meaningfully contest defendant's motion, defendant is entitled to judgment as a matter of law and the Court will grant defendant's motion. In addition, plaintiffs have failed to prosecute the case, which constitutes an independent ground to dismiss this action. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: October 29, 2014